George Haines, Esq.  
Nevada Bar No. 9411  
David Krieger, Esq.  
Nevada Bar No. 9086  
HAINES & KRIEGER, LLC  
1020 Garces Ave.  
Las Vegas, NV 89101  
Phone: (702) 880-5554  
FAX: (702) 385-5518  
Email: info@hainesandkrieger.com  
Attorney for Regino C. Gruspe

E-FILED: September 10, 2009

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re: | ) Case No. BKS-07-18810-LBR |
|---|---|
| | ) Chapter 13 |
| **Regino C. Gruspe,** | ) Hearing Date:  October 8, 2009 |
| | ) Hearing Time:  2:30 P.M. |
| Debtor(s). | ) |

### MOTION TO REOPEN CHAPTER 13 CASE, VACATE ORDER DISMISSING CASE, REIMPOSE THE AUTOMATIC STAY AS TO ALL CREDITORS AND CONVERT TO CHAPTER 7

COMES NOW, **Regino C. Gruspe** (hereinafter the "Debtor"), by and through the law offices of Haines & Krieger, L.L.C. and attorney George Haines, Esq., and respectfully requests this Court to vacate the Order Dismissing Case and Denial of Confirmation filed by the Court on July 15, 2009 and reinstate the Automatic Stay as to all Creditors for the purpose of converting to Chapter 7.

/./././

## POINTS AND AUTHORITIES

### THE COURT MAY RELIEVE A PARTY FROM AN ORDER DUE TO MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT.

Pursuant to Bankruptcy Rule 9024, FRCP 60(b) applies where a party requests relief from judgment or order entered by the Bankruptcy Court.

FRCP 60(b) states that "[o]n motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect…" Under Section 11 U.S.C. §350(b) of the Bankruptcy Code a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the Debtor, or for other cause.

### STATEMENT OF FACTS

1. On December 28, 2007, Debtor filed a voluntary petition seeking bankruptcy relief under Chapter 13 of the Bankruptcy Code.

2. On or about July 15, 2009, the Chapter 13 Trustee submitted an Order dismissing the present Chapter 13 case.

3. Due to a decrease in Debtor's income, Debtor can no longer financially afford the real property listed in Schedule A of the Chapter 13 petition.

4. Debtor still seeks relief under the Bankruptcy Code and does not wish to have the above bankruptcy dismissed.

5. Debtor and Debtor's attorney have reviewed the schedules and statements and have determined that it would be in the best interest of the Debtor to convert this proceeding under Chapter 13 to a Chapter 7 proceeding.

6. As such, Debtor would like to reopen the Chapter 13 for the purpose of converting to Chapter 7.

7. Debtor has provided all requested documents to plaintiff's counsel for submission to the Trustee.

8. Debtor is aware that this case will not be reinstated until an Order Vacating Order Dismissing Case is signed by the Bankruptcy Court Judge, and until that time, the Debtor is not under the protection of bankruptcy.

WHEREFORE, the Debtor respectfully prays that this Honorable Court:

(a) Vacate the Order Dismissing Case and Denial of Confirmation;

(b) Reinstate the Automatic Stay as to all creditors; and

(c) Allow the Debtor to convert this proceeding under Chapter 13 to a Chapter 7 proceeding.

(d) Such other relief as this Court finds appropriate.

Dated: September 10, 2009

/s/George Haines, Esq.
George Haines, Esq.
Attorney for Debtors(s)